# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-02984-SHM |
| | ) | |
| LESLEY OWENS, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| SAMUEL OWENS, | ) | |
| | ) | |
| Defendant Surety. | ) | |

## ORDER

Before the Court are two motions. On December 6, 2016, Plaintiff United States of America (the "Government") filed a Motion for Entry of Judgment by Default. (ECF No. 12 ("Gov't Mot.").) Neither Defendant Lesley Owens nor Defendant Surety Samuel Owens has filed a response to the Government Motion.[1] The deadline for doing so has passed. L.R. 7.2(a)(2).

On December 20, 2016, Owens filed a Motion for Setting Aside a Default or Default Judgment. (ECF No. 13 ("Owens Mot.").) On December 28, 2016, the Government filed a response to the Owens Motion. (Gov't's Resp. in Opp'n to Defs.' Mot. for

---

[1] In what follows, Lesley Owens will be referred to as "Owens" and Samuel Owens will be referred to using his full name.

Setting Aside a Default J., ECF No. 14 ("Gov't Resp. to Owens Mot.").)  On January 10, 2017, Owens filed a reply in support of the Owens Motion.  (Defs.' Reply Mot. to Gov't's Resp. in Opp'n to Defs.' Mot for Setting Aside a Default or Default J., ECF No. 15 ("Reply ISO Owens Mot.").)

For the reasons discussed below, the Owens Motion is DENIED.  The Government Motion is DENIED to the extent it seeks prejudgment interest, and is GRANTED in all other respects.

## I.    BACKGROUND

On August 12, 2008, a federal grand jury returned a single-count indictment charging Owens, a convicted felon, with possessing a firearm, in violation of 18 U.S.C. § 922(g).  (Indictment, ECF No. 1 in 08-20257.)[2]

A detention hearing for Owens was held before a magistrate judge on September 8, 2008.  (Minute Entry, ECF No. 9 in 08-20257.)  After that hearing, the magistrate judge issued an Order Setting Conditions of Release.  (ECF No. 14 in 08-20257.)  "In order reasonably to assure the appearance of the defendant," the magistrate judge ordered that Owens's release be "subject to . . . [execution of] a bond in the amount of $15,000.00 or an agreement to forfeit upon failure to appear as required," with 10 percent of that $15,000.00 "to be deposited into the registry

---

[2] References to "08-20257" are to filings in United States v. Owens, No. 2:08-20257-SHM (W.D. Tenn.).

of the Court." (<u>Id.</u> at 1.) In a section titled "Advice of Penalties and Sanctions," the Order Setting Conditions of Release stated, <u>inter alia</u>, that "a failure to appear may result in the forfeiture of any bond posted." (<u>Id.</u> at 2.) Owens signed the Order, attesting that he was "aware of the conditions of release" and "aware of the penalties and sanctions set forth above." (<u>Id.</u> at 3.)

On December 5, 2008, Owens and Samuel Owens submitted an Appearance Bond. (ECF No. 33 in 08-20257 ("Appearance Bond").) The Appearance Bond stated:

> We, the undersigned, jointly and severally acknowledge that we and our . . . personal representatives, jointly and severally, are bound to pay to the United States of America the sum of $15,000.00, and there has been deposited in the Registry of the Court the sum of $1,500.00 [in cash] . . . .

> The conditions of this bond are that [Owens] is to appear before this court and at such other places as [Owens] may be required to appear, in accordance with any and all orders and directions relating to [Owens's] appearance in [Case No. 08-20257] . . . . [Owens] is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

> If [Owens] appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if [Owens] fails to obey or perform any of these conditions, payment of the amount of this bond shall be

> due forthwith. Forfeiture of this bond for
> any breach of its conditions may be declared
> by any United States District Court having
> cognizance of [Case No. 08-20257] at the
> time of such breach and if the bond is for-
> feited and if the forfeiture is not set
> aside or remitted, judgment may be entered
> upon motion in such United States District
> Court against each debtor jointly and sever-
> ally for the amount above stated, together
> with interest and costs, and execution may
> be issued and payment secured as provided by
> the Federal Rules of Criminal Procedure and
> any other laws of the United States.

(Id. at 1.) The second page of the Appearance Bond states that Samuel Owens provided the $1,500.00 in cash. (Id. at 2.)

On January 15, 2009, after a trial, a jury found Owens guilty. (See, e.g., Jury Verdict, ECF No. 57 in 08-20257.)

On January 26, 2009, the Government filed a Motion to Detain Defendant Prior to Sentencing. (ECF No. 52 in 08-20257 ("Mot. to Detain").) On January 30, 2009, a magistrate judge held a hearing on the Motion to Detain. (Minute Entry, ECF No. 54 in 08-20257.) Owens did not appear at that hearing. (Id.) The magistrate judge issued an arrest warrant for Owens later that day. (Warrant for Arrest, ECF No. 55 in 08-20257.)

Owens was arrested on February 26, 2009, and detained pending a hearing on bond revocation and detention. (Executed Warrant for Arrest, ECF No. 58 in 08-20257; Minute Entry, ECF No. 59 in 08-20257.) On March 3, 2009, Owens waived his right to that hearing. (Minute Entry, ECF No. 62 in 08-20257.) Later

4

that day, a magistrate judge entered orders revoking Owens's bond and detaining Owens until his sentencing. (Order Revoking Bond, ECF No. 64 in 08-20257; Order of Detention Pending Trial, ECF No. 65 in 08-20257.) On June 19, 2009, the Court sentenced Owens to 235 months of incarceration and three years of supervised release. (Minutes, ECF No. 84 in 08-20257.)

On June 22, 2009, Samuel Owens filed a Motion for Refund of Cash Appearance Bond. (ECF No. 86 in 08-20257 ("Mot. for Refund").) That motion represented that "[t]he record of this case reflects that the defendant has complied with the requirements of [the Appearance Bond] and orders of this Court." (Id.) It requested a "refund of the [$1,500.00] cash deposit." (Id.)

On June 30, 2009, the Government filed a response to the Motion for Refund. (Gov't Resp. to Mot. for Refund of Bond, ECF No. 92 in 08-20257.) The Government argued that "[Owens's] bond should not be refunded, but revoked based on his failure to comply with conditions of release, specifically, his failure to appear" at the hearing on January 30, 2009. (Id. at 1.)

On July 8, 2009, the Court entered an Order Denying Motion for Refund of Cash Appearance Bond. (ECF No. 93 in 08-20257.) The Court stated that "[u]nder the conditions of his bond, [Owens] was required to appear at all proceedings," and that "[f]ailure to comply with that condition results in forfeiture

5

of the bond." (<u>Id.</u> at 1.) Because Owens "failed to comply" ––
by failing to appear at the hearing on January 30, 2009 –– the
Court denied the Motion for Refund. (<u>Id.</u> at 1–2.)

On December 16, 2013, the Government commenced this action
by filing a Complaint for Judgment on Forfeiture of Bond. (ECF
No. 1 ("Compl.").) The Complaint asks the Court to "enter a
judgment on forfeiture of bond against . . . Owens and . . .
Samuel Owens, jointly and severally, in the sum of $15,000.00,
plus interest and costs and credit to the judgment entered here-
in any monies now on deposit in the Registry of the Court."
(<u>Id.</u> at 1.) It also asks the Court to "forward said monies now
on deposit in the Registry of Court to the crime victims fund in
[Case No.] 2:08-CR-20257-SHM . . . ." (<u>Id.</u>)

On January 27, 2014, Owens submitted a letter to the Court.
(ECF No. 5 ("January 2014 Letter").) The letter represented
that Owens had been hand-delivered the summons associated with
the Complaint on January 24, 2014, and that Owens planned to re-
spond to the Complaint within 20 days of receiving the summons.
(<u>Id.</u>) It stated that Owens might be moved to another facility
in the near future and, as such, might be "separated from [his]
legal materials." (<u>Id.</u> (emphasis removed).) If that happened,
Owens wrote, "I will write before the 20 days are over if addi-
tional time is needed . . . ." (<u>Id.</u>) Owens did not file an an-

swer or other response to the Complaint, nor did he submit any motion seeking an extension of time to file an answer.

On March 7, 2014, the Government filed a Motion for Entry of Default. (ECF No. 8 ("Mot. for Entry of Default").) That motion represented that Owens and Samuel Owens "have failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure," and asked the Clerk of Court to make an entry of default. (Id.) On March 14, 2014, the Clerk of Court filed an entry of default against Owens and Samuel Owens. (Clerk's Entry of Default, ECF No. 9 ("Entry of Default").)

Also on March 14, 2014, Owens submitted a letter response to the Motion for Entry of Default. (ECF No. 10 ("March 2014 Letter").) That letter reached the Clerk of Court on March 17, 2014. (Id.) Owens argued that he had submitted a letter to the Court responding to the Complaint, and described the contents of his purported letter. (Id.) No such letter appears on the Court's docket.

On December 6, 2016, the Government filed the Government Motion. On December 20, 2016, Owens filed the Owens Motion. On December 28, 2016, the Government filed the Government Response to the Owens Motion. On January 10, 2017, Owens filed the Reply in Support of the Owens Motion.

## II. JURISDICTION

### A. Subject-Matter Jurisdiction

The Government brings its Complaint under 18 U.S.C. § 3146(d). (Compl. 1, 3.) The Court has federal-question jurisdiction under 28 U.S.C. § 1331.

### B. Personal Jurisdiction

The Government Motion seeks entry of a default judgment. (Gov't Mot. 1.) A default judgment is invalid unless the court has proper jurisdiction. See, e.g., Citizens Bank v. Parnes, 376 F. App'x 496, 501 (6th Cir. 2010) ("Personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of [a] default judgment.") (citing Kroger Co. v. Malease Foods Corp., 437 F.3d 506, 510 (6th Cir. 2006)). "Proper service of process is required in order for the court to obtain personal jurisdiction over each defendant." Prince v. NLRB, No. 1:16-CV-419, 2017 WL 375703, at *1 (S.D. Ohio Jan. 25, 2017) (citing O.J. Distrib., Inc. v. Hornell Brewing Co., 340 F.3d 345, 353 (6th Cir. 2003)).

The court has personal jurisdiction over Owens. A summons was issued to Owens. (Summons in a Civil Action, ECF No. 3.) A U.S. Marshal, at the request of the U.S. Attorney's Office, delivered a copy of the summons and complaint to a counselor at FCI Memphis. (Process Return and Receipt, ECF No. 6.) The Jan-

uary 2014 Letter demonstrates that on January 24, 2014, Owens personally received service from the counselor. (January 2014 Letter.)

Service is proper. "Delivery of a summons and complaint to a prisoner by a prison employee is considered effective service on that prisoner." In re Terrorist Attack on Sept. 11, 2001, No. 03 CIV. 6978 (RCC), 2004 WL 1348996, at *1 (S.D.N.Y. June 14, 2004) (citing United States v. Letscher, 83 F. Supp. 2d 367, 380 (S.D.N.Y. 1999)). The Court has personal jurisdiction over Owens.

The Court also has personal jurisdiction over Samuel Owens. Under Rule 4(e)(1), service is effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[3] Tennessee law governs here.

Under Tennessee Rule of Civil Procedure 4.04(10),

> Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute. After the complaint is filed, the clerk shall, upon request, furnish the original summons, a certified copy thereof and a copy of the filed complaint to the plaintiff, the plaintiff's attorney or other authorized person for service by mail. Such person shall

---

[3] Rule 4(e)(2) provides three other ways to serve an individual within a judicial district of the United States. The Government did not comply with any of those alternatives. (See Proof of Service, ECF No. 7 ("Proof of Service").)

send, postage prepaid, a certified copy of
the summons and a copy of the complaint by
registered return receipt or certified re-
turn receipt mail to the defendant. . . .
The original summons shall be used for re-
turn of service of process pursuant to Rule
4.03(2).  Service by mail shall not be the
basis for the entry of a judgment by default
unless the record contains a return receipt
showing personal acceptance by the defendant
or by persons designated by Rule 4.04 or
statute. . . .

A summons was issued to Samuel Owens.  (Summons in a Civil
Action, ECF No. 4.)  The Government sent the summons and com-
plaint to Samuel Owens by certified return receipt mail.  (Proof
of Service.)  The Proof of Service includes a signed receipt
demonstrating that Samuel Owens received the mailing on February
4, 2014.  (Id.)

Service on Samuel Owens is proper under Tennessee Rule of
Civil Procedure 4.04(10).  The Court has personal jurisdiction
over Samuel Owens.

## III. STANDARD OF REVIEW

### A.    Motion to Set Aside an Entry of Default

The Owens Motion cites Rule 60(b).  (Owens Mot. 1–2.)  Rule
60(b) addresses grounds for relief from entry of a default judg-
ment.  The Court has not entered a default judgment.  The docket
reflects only the Clerk's entry of a default.  Rule 60(b) is not
applicable here.

Rule 55(c) is the applicable rule.  Under Rule 55(c),
"[t]he court may set aside an entry of default for good

cause . . . ." The factors for determining good cause are "(1) '[w]hether the plaintiff will be prejudiced;' (2) '[w]hether the defendant has a meritorious defense;' and (3) '[w]hether culpable conduct of the defendant led to the default.'" Devlin v. Kalm, 493 F. App'x 678, 685 (6th Cir. 2012) (alterations in original) (quoting United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir. 1983)); see also U.S. S.E.C. v. Merklinger, 489 F. App'x 937, 939 (6th Cir. 2012) (quoting United States v. $22,050.00 U.S. Currency, 595 F.3d 318, 324 (6th Cir. 2010)) (same elements).

"Although [these three factors] are the same factors considered by a court in deciding whether to set aside a default judgment, the factors should be applied more leniently to relieve a party from a procedural entry of default to reflect the strong preference for trial on the merits in federal courts." Marbly v. Dep't of Treasury, 22 F. App'x 371, 372 (6th Cir. 2001) (citing Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 193–94 (6th Cir. 1986)).

**B.  Motion for Entry of Default Judgment**

Rule 55(b) addresses entry of default judgments:

> **(1)  By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk –– on the plaintiff's request, with an affidavit showing the amount due –– must enter judgment for that amount and costs against a defendant

who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

**(2) By the Court.** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals –– preserving any federal statutory right to a jury trial –– when, to enter or effectuate judgment, it needs to:

**(A)** conduct an accounting;

**(B)** determine the amount of damages;

**(C)** establish the truth of any allegation by evidence; or

**(D)** investigate any other matter.

The hearing noted in Rule 55(b)(2) is not mandatory. A hearing is not necessary where there is sufficient evidence in the record to make a determination as to damages. See, e.g., Vesligaj v. Peterson, 331 F. App'x 351, 355 (6th Cir. 2009); Boards of Trustees of Ohio Laborers' Fringe Benefit Programs v. Akron Insulation & Supply, Inc., No. 2:15-CV-2864, 2017 WL 749202, at *3 (S.D. Ohio Feb. 27, 2017).

## IV.  ANALYSIS

### A.  Owens Motion

#### 1.  Samuel Owens

Samuel Owens has not filed any document addressing the Owens Motion.  The Owens Motion presents some argument about the propriety of a default (and default judgment) as to Samuel Owens.  (Owens Mot. 7.)  Owens is a pro se litigant and cannot represent Samuel Owens.  See, e.g., Shepherd v. Wellman, 313 F.3d 963, 970–71 (6th Cir. 2002); Allen v. Osterhout, No. 15-CV-12867, 2017 WL 522835, at *3 (E.D. Mich. Jan. 19, 2017) (citing Shepherd), report and recommendation adopted, No. 15-12867, 2017 WL 512785 (E.D. Mich. Feb. 8, 2017).  To the extent the Owens Motion seeks to set aside the default entered against Samuel Owens, it is DENIED.

#### 2.  Owens

As noted above, three factors determine whether there is good cause to grant a motion under Rule 55(c): (1) whether granting the motion would prejudice the plaintiff, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct by the defendant led to the default.

The prejudice factor favors Owens.  The Government does not explain how it would be prejudiced were the Owens Motion grant-

ed.[4]   (See generally Gov't Resp. to Owens Mot.)   Any prejudice

argument would not be well taken.   The Government moved for an

entry of default in March 2014, and the Clerk entered a default

within a week.   (Mot. for Entry of Default; Entry of Default.)

The Government waited more than two-and-a-half years to request

a default judgment.   (Gov't Mot.)   Under these circumstances,

the Government cannot show prejudice.

The meritorious-defense factor favors the Government.   "[A]

defense is meritorious if 'there is some possibility that the

outcome of the suit after a full trial will be contrary to the

result achieved by the default.'"   $22,050.00 U.S. Currency, 595

F.3d at 326 (quoting Burrell v. Henderson, 434 F.3d 826, 834

(6th Cir. 2006)).   The Sixth Circuit has opined that "a defense

is meritorious if it is 'good at law,' regardless of whether the

defense is actually likely to succeed on the merits."   Id.

(quoting Williams v. Meyer, 346 F.3d 607, 614 (6th Cir. 2003)).

"[A]ll that is needed is '"a hint of a suggestion" which, proven

at trial, would constitute a complete defense.'"   Id. (quoting

---

[4] The gravamen of the argument in the Government Response to Ow-
ens Motion is that Owens argues that his motion is based on Rule
60(b), "but he fails to provide any evidence of mistake, newly
discovered evidence, fraud, void judgment or any other reason."
(Gov't Resp. to Owens Mot. 4.)   As discussed above, the Owens
Motion is not a motion under Rule 60(b).   It is a motion under
Rule 55(c).   Movants relying on Rule 55(c) do not need to show
any of the grounds listed in Rule 60(b)(1)-(6).

INVST Fin. Grp. v. Chem-Nuclear Sys., 815 F.2d 391, 399 (6th Cir. 1987)).

Owens's defense is unclear.  The Owens Motion states that the March 2014 Letter presents "'intrinsic circumstances' and facts that surrounded the default" involving misconduct by an assistant U.S. Attorney and a detective with the Shelby County Sheriff's Office.  (Owens Mot. 3.)  The March 2014 Letter contends that Owens has provided a prior letter to the Court detailing allegations of improper behavior.  (March 2014 Letter 1.)  The docket reflects no such letter.  The March 2014 Letter asserts there were "illegal circumstances" by which the U.S. Attorney's Office interfered with the conditions of Owens's bond. (Id.)  Owens discusses these circumstances in the Owens Motion and the Reply in Support of the Owens Motion, and refers to portions of his sentencing hearing.  (Owens Mot. 3–5; Reply ISO Owens Mot. 2; Hr'g Tr. 31–41, ECF No. 97 in 08-20257.)

Owens's argument appears to be that he failed to appear at the hearing on January 30, 2009, because he was distracted by efforts to cooperate with police officers to arrest other offenders.  (See, e.g., Owens Mot. 3–4.)  Nothing in Owens's filings suggests, however, that Owens had any reason to believe he did not need to attend the hearing.  Owens has not presented a meritorious defense to the Complaint.

The culpable-conduct factor favors Owens. "'To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" Dassault Systemes, SA v. Childress, 663 F.3d 832, 841 (6th Cir. 2011) (quoting Shepard Claims Serv., 796 F.2d at 194). "[I]n the context of Rule 55(c), mere negligence or failure to act reasonably is not enough to sustain a default." $22,050.00 U.S. Currency, 595 F.3d at 327.

The Government makes no culpable-conduct argument. (See generally Gov't Resp. to Owens Mot.) It is unclear whether Owens ever filed an answer or other response to the Complaint. He states that he did, however, and he has filed responses to other Court entries and Government filings. There is no evidence that Owens has acted with an intent to thwart these proceedings or recklessly disregarded the effect of his conduct on the proceedings.

The prejudice and culpable-conduct factors favor Owens, but the meritorious-argument factor favors the Government. The Court is aware of no Sixth Circuit case dictating the outcome when the prejudice and culpable-conduct factors favor the plaintiff, but the meritorious-argument factor favors the defendant.[5]

---

[5] The Sixth Circuit has decided that it is an abuse of discretion for a district court to refuse to set aside an entry of default

In this case, the lack of a meritorious defense is key.  There
is no dispute that Owens violated the terms of the Appearance
Bond, and his filings suggest no way to avoid that conclusion.

Owens has not shown good cause to set aside the Entry of
Default.  The Owens Motion is DENIED.

**B.  Government Motion**

The Government Motion does not state the rule under which
it seeks relief.  Because the Government Motion seeks entry of a
default judgment, the Court understands the Government Motion to
rely on Rule 55(b).

Rule 55(b)(1) does not apply.  Rule 55(b)(1) requires that
the plaintiff provide "an affidavit showing the amount due."
The affidavit supporting the Government Motion –– the "Zoccola
Affidavit" –– does not show the amount due.  It states that Ow-
ens and Samuel Owens owe the Government "$15,000.00, plus inter-
est according to the law."  (Aff. in Supp. of Entry of J. by
Default ¶ 7, ECF No. 12.)  It also states the Government is "en-
titled to recover filing fees pursuant to 28 U.S.C.
§ 2412(a)(2)," but does not state the amount of those fees.
(Id. ¶ 9.)[6]

---

where the meritorious-argument factor and the prejudice factor
favor the defendant.  <u>O.J. Distrib.</u>, 340 F.3d at 353 (citing
<u>Shepard Claims Serv.</u>, 796 F.2d at 193–94).

[6] Rule 55(b)(1) also does not apply to the Government Motion as
to Owens because Rule 55(b)(1) applies only where a defendant
"has been defaulted for not appearing."  Owens was defaulted for

The Government Motion falls under Rule 55(b)(2).[7]  As noted above, no hearing is needed to resolve a Rule 55(b)(2) motion where there is sufficient record evidence to determine damages. Vesligaj, 331 F. App'x at 355; Ohio Laborers' Fringe Benefit Programs, 2017 WL 749202, at *3.  Although the Zoccola Affidavit does not specifically state the amount of damages due (i.e., it does not state an exact amount), there is sufficient record evidence here to determine damages.

The amount of the forfeited Appearance Bond is $15,000.00. (Appearance Bond 1.)  Samuel Owens paid $1,500.00 of that sum as a condition of Owens's release in December 2008.  (Id.)

The Government seeks "filing fees pursuant to 28 U.S.C. § 2412(a)(2)."  (Zoccola Aff. ¶ 9.)  Under § 2412(a)(2), "[a] judgment for costs, when awarded in favor of the United States in an action brought by the United States, may include an amount equal to the filing fee prescribed under" 28 U.S.C. § 1914(a).

---

failing to respond to the Complaint.  But by submitting the January 2014 Letter, Owens did appear before the entry of default. He was not defaulted for failing to appear.  Rule 55(b)(1) "applies only to parties who have never appeared in the action; it does not apply when a party appears and then merely fails to participate in some subsequent stage of the proceedings."  10A Charles Alan Wright et al., Federal Practice & Procedure § 2683 (4th ed. 2016).

[7] Rule 55(b)(2) states that a default judgment may be entered against a minor or incompetent person "only if represented by a general guardian, conservator, or other like fiduciary who has appeared."  There is no evidence that Owens or Samuel Owens is a minor or an incompetent person.  The Court need not consider that aspect of Rule 55(b)(2).

Section 1914(a) states that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350 . . . ." That fee will be added to the judgment.

Before considering interest, the total judgment against Defendants is $15,350.00.

The Government seeks "interest according to law." (Zoccola Aff. ¶ 7.) To the extent the Government Motion seeks prejudgment interest, the Government Motion is DENIED. Under Rule 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded by the pleadings." See also Silge v. Merz, 510 F.3d 157, 159–60 (2d Cir. 2007); Ayers v. Receivables Performance Mgmt., L.L.C., No. 2:15-CV-12082, 2016 WL 5402962, at *9 (E.D. Mich. Sept. 28, 2016) (citing Silge). The Complaint does not seek prejudgment interest. (Compl. 3.)

No postjudgment interest has accrued because no judgment has been entered. Postjudgment interest shall accrue on the default judgment entered in this Order. Under 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." An award of postjudgment interest is mandatory under § 1961(a) and is awarded as a matter of course. See, e.g., Caffey v. Unum Life Ins. Co., 302 F.3d 576, 586 (6th Cir. 2002); WCM Indus., Inc. v. IPS

<u>Corp.</u>, No. 2:13-CV-02019-JPM-TMP, 2016 WL 7541700, at *2 (W.D. Tenn. May 13, 2016).

Postjudgment interest accrues at the rate determined under § 1961(a). <u>Estate of Riddle ex rel. Riddle v. S. Farm Bureau Life Ins. Co.</u>, 421 F.3d 400, 409 (6th Cir. 2005); <u>Mariner Health Care, Inc. v. Sherrod</u>, No. 09-2613, 2011 WL 2418473, at *4 (W.D. Tenn. June 13, 2011). Such interest is calculated from the date of the entry of judgment, at the rate equal to the weekly average one-year constant-maturity Treasury yield -- for the calendar week preceding the date of the judgment -- as published by the Federal Reserve's Board of Governors. 28 U.S.C. § 1961(a). As of the date of this Order, that rate is 1.03%. (<u>See</u> Board of Governors of the Federal Reserve System, <u>Selected Interest Rates (Daily) -- H.15</u>, <u>available at</u> https://www.federalreserve.gov/releases/H15/default.htm (last accessed Mar. 20, 2017).) Interest shall be computed daily to the date of payment and shall be compounded annually. <u>Id.</u> § 1961(b).

The Government Motion asks the Court to order that the Clerk of Court transfer "to the Crime Victims Fund" the $1,500.00 that Samuel Owens previously paid to secure Owens's Appearance Bond. (Gov't Mot. 1; <u>see also</u> Compl. 1.) This portion of the Government Motion is GRANTED.

## V.    CONCLUSION

For the reasons discussed above, the Owens Motion is DENIED.  The Government Motion is DENIED to the extent it seeks prejudgment interest, and is GRANTED in all other respects. Judgment shall be ENTERED in favor of the Government in the amount of $15,350.00, with postjudgment interest to apply as provided above.  Owens and Samuel Owens are ORDERED to pay the Government the damages and costs stated in this Order.  Their liability to the Government for that amount is joint and several.

The Clerk of Court is ORDERED to transfer the $1,500.00 previously deposited into the Registry of the Court by Samuel Owens to the Federal Crime Victim Assistance Fund.

So ordered this 20th day of March, 2017.


/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE